1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                        NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   TAGARHEID FAKHRALDIN, for N.F. (a   )    Case No.: C 05-2560 PVT
     minor),                            )
13                                      )    **ORDER GRANTING IN PART AND**
                          Plaintiff,    )    **DENYING IN PART PLAINTIFF'S**
14                                      )    **MOTION FOR SUMMARY**
          v.                            )    **JUDGMENT, DENYING**
15                                      )    **DEFENDANT'S MOTION FOR**
     COMMISSIONER OF SOCIAL             )    **SUMMARY JUDGMENT, AND**
16   SECURITY,                          )    **REMANDING FOR FURTHER**
                                        )    **PROCEEDINGS**
17                        Defendant.    )
     _____ )
18

19        Pending before the court are the parties' respective motions for summary judgment.[1]  Based

20   on the briefs and arguments presented,

21        IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED IN

22   PART and DENIED IN PART, and Defendant's motion for summary judgment is DENIED.

23        IT IS FURTHER ORDERED that this matter is REMANDED to Defendant for further

24   proceedings consistent with this opinion.

25        The ALJ fairly summarized the facts and the applicable law.  (Tr. 17-24.)  After doing so,

26   however, the ALJ's "analysis" consisted of the following:

27

28        [1]     The holding of this court is limited to the facts and the particular circumstances
     underlying the present motion.

                                    ORDER, *page 1*

1
2
3
4
5

> "After giving consideration to the full record and the testimony at the hearing, the undersigned evaluates the claimant's functional equivalence in the above-noted six domains as follows: the claimant has less than marked limitations in the domain of acquiring and using information; marked limitations in the domain of attending and completing tasks; less than marked limitations in the domain of interacting and relating with others; less than marked limitations in the domain of moving about and manipulating objects; no limitations in the domain of caring for yourself; and less than marked limitations in the domain of health and physical well-being."  (Tr. 24.)

6   This statement fails to explain the ALJ's reasoning sufficiently to allow meaningful court

7   review.  *See Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994) (ALJ "must articulate at some

8   minimal level his analysis of the evidence"); *see also, e.g., Baker ex rel. Baker v. Barnhart*, 410

9   F.Supp.2d 757, 768 (E.D.Wis.2005) ("The ALJ provided no reasons for his conclusion.  The

10   'foregoing' was little more than a summary of some evidence; missing was any explanation of how

11   the evidence supported the conclusion.").

12   The court has reviewed the transcript, and it appears there is both substantial evidence in the

13   record that support the ALJ's decision (as set forth in Defendant's brief), and substantial evidence in

14   the record that could support a finding of disability (as set forth in Plaintiff's briefs).  While a failure

15   of an ALJ's to articulate his analysis might constitute harmless error if, based on the record, no

16   reasonable ALJ could find the evidence established disability, here it appears that reasonable minds

17   could differ.  Unlike situations in which the Ninth Circuit has disapproved of remand for further

18   proceedings when an ALJ does not articulate sufficient reasons for rejecting specific evidence, here

19   there is no expressly "rejected" evidence that, if credited, would mandate a finding of disability.  *Cf.*

20   *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000).  Instead, there is simply a record on which

21   reasonable minds could differ, and thus it is for the ALJ to determine whether disability criteria have

22   been met.  *See Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997) ("where conflicting evidence

23   would allow reasonable minds to differ as to whether a claimant is entitled to benefits, the

24   responsibility for that decision falls on the ALJ").  In making that determination on remand, the ALJ

25   must set forth his analysis of the evidence and explain *how* he reached his findings.

26   Dated: *9/30/08*

27
PATRICIA V. TRUMBULL

28   United States Magistrate Judge

ORDER, *page 2*